**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KETTY GONZALES,**
**o/b/o M.A.N.,**
                **Plaintiff,**

**-vs-**                                          Case No.  6:04-cv-1795-Orl-KRS

**COMMISSIONER OF SOCIAL SECURITY,**
                **Defendant.**
_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **UNCONTESTED PETITION FOR AWARD OF ATTORNEY'S FEES, EXPENSES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT 28 U.S.C. § 2412 (Doc. No. 29)** |
| **FILED:** | **June 15, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

The plaintiff, Ketty Gonzales, seeks an award of attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.[1]  A final judgment reversing the decision below was entered on March 27, 2006.  Doc. No. 28.  An award of fees and expenses is, therefore, ripe for consideration.

---

[1] The title of the petition indicates that Gonzales seeks an award of costs, but no costs are requested in the petition or supporting documentation.

Gonzales's attorney seeks $2,610.52 in attorney's fees for 16.65 hours of work: 2.15 hours of work performed in 2004; 11.3 hours of work performed in 2005; and 3.2 hours of work performed in 2006.  Doc. No. 29, ex. A.  The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index (CPI). 28 U.S.C. § 2412(d)(2)(A). Gonzales has presented an analysis of changes in the CPI that supports the award of the award of  $151.65 for work performed in 2004, $156.79 for work performed in 2005, and $160.23 for work performed in 2006. Doc. No. 30. This would lead to an award of $326.05 for work performed in 2004, $1,771.73 for work performed in 2005, and $512.74 for work performed in 2006, for a total of $2,610.52.

The defendant, the Commissioner of Social Security, does not oppose these hourly rates or the number of hours worked.  After reviewing the papers submitted by Gonzales, I find that the fees requested are appropriate in the absence of objection.

Gonzales also seeks reimbursement for $37.25 in expenses.  Doc. No. 29, ex. B. The Commissioner does not oppose these expenses.  I find that these expenses were necessarily incurred in the absence of objection.

It is, therefore, **ORDERED** that Gonzales is awarded $2,610.52 in attorney's fees and $37.25 in expenses.

**DONE** and **ORDERED** in Orlando, Florida on June 19, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties